UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jennifer McInnis, individually and on behalf of her infant children O.S., C.S. (female), and C.S. (male),<br><br>    Plaintiffs,<br><br>   — against —<br><br>City of New York, Treasure Pray, Nyasha Beepot, Leah Bralow, and Rutmi Goradia,<br>    Defendants. | Index No. 1:24-cv-03449<br><br>**ORDER** |

TARNOFSKY, United States Magistrate Judge.

This is an application for approval of a settlement and Infant Compromise. Local Rule 83.2 provides that an action brought on behalf of an infant or incompetent shall not be settled, voluntarily discontinued, dismissed or terminated without leave of the court "embodied in" an order, judgment or decree. The proceeding shall conform "as nearly as may be" to the New York procedure, "but the court, for good cause shown, may dispense with any New York State requirement."

N.Y. CPLR § 1208 requires two affidavits: (1) the infant or incompetent's representative; and (2) the attorney for the infant or incompetent. The Court has reviewed the Declarations of the attorney Mara Fleder and the plaintiffs' representative Jennifer McInnis ("McInnis") and they are in substantial compliance with New York law. They demonstrate that the settlement is fair, reasonable and adequate.

Based upon its review, the Court approves the proposed Stipulation of Settlement annexed as Exhibit D to the Fleder Supplemental Declaration, which provides for the payment of ONE HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($100,000.00), which shall be

paid by the City of New York in accordance with the Stipulation of Settlement, to be distributed as follows:

      (1)    Thirty-three thousand three-hundred and thirty-three dollars and thirty-three cents ($33,333.33) in attorneys' fees to Wertheimer LLC;

      (2)    Thirty-two thousand eight-hundred and thirty-three dollars and thirty-three cents ($32,833.33) to McInnis to be deposited into an interest-bearing savings account at a bank selected by McInnis, to be held for O.S. and distributed in the following manner: (1) the first installment (25%) of the principal amount will be released to O.S. on his 18th birthday in the year 2029; (2) the second installment (25%) of the principal amount will be released to O.S. on his 19th birthday in the year 2030; (3) the third installment (25%) of the principal amount will be released to O.S. on his 20th birthday in the year 2031; and (4) the remaining balance, including accrued interest, will be released to O.S. on his 21st birthday in the year 2032;

      (3)    Five hundred dollars ($500.00) to McInnis, to hold for C.S. (male) and distribute it solely for his use and benefit, as McInnis deems appropriate;

      (4)    Five hundred dollars ($500.00) to McInnis, to hold for C.S. (female) and distribute it solely for her use and benefit, as McInnis deems appropriate; and

      (5)    Thirty-two thousand eight-hundred and thirty-three dollars and thirty-three cents ($32,833.34), to McInnis.

The settlement and Infant Compromise are approved.

IT IS FURTHER ORDERED, that in the event of death of the Infant Plaintiff(s) prior to the payment date set forth above, and in the event that the Infant Plaintiff(s) have not designated a beneficiary, payment shall be made to the estate of said Infant Plaintiff(s); and it is further

ORDERED, that this Court retains jurisdiction of this action for purposes of enforcement and modification of this Infant Compromise and the underlying settlement.

DATED:   New York, New York
         June 6, 2025

SO ORDERED:

_____
Hon. Robyn F. Tarnofsky, U.S.M.J.