UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jennifer McInnis, individually and on behalf of her infant children O.S., C.S. (female), and C.S. (male),

                 Plaintiffs,

— against —

City of New York, et al.,

                 Defendants.

Index No. 1:24-cv-03449 (GHW) (RFT)

**ATTORNEY DECLARATION IN SUPPORT OF FEE APPLICATION**

      I, Mara Fleder, attorney for Plaintiff, hereby declares that the following is true upon the penalties of perjury:

    1.    I am counsel for Plaintiff Jennifer McInnis, individually and on behalf of her minor children, and am fully familiar with the facts of this matter.

    2.    I make this declaration in support of Plaintiff's application for reasonable attorneys' fees in connection with the Discovery Sanctions Motion filed on May 16, 2025 (ECF 109), which was granted by the Honorable Robyn F. Tarnofsky, U.S.M.J. on August 7, 2025 (ECF 143).

    3.    Attached as Exhibit A is a Proposed Order granting Plaintiff's Fee Application of $5,980.

    4.    Attached as Exhibit B is Plaintiff's contemporaneous time records for the time spent in connection with the Discovery Sanctions Motion.

    5.    As detailed in Exhibit B, I spent 6.4 hours in connection with the Discovery Sanctions Motion, with an hourly rate of $400 per hour, for a lodestar of $2,560. Joel Wertheimer spent .8 hours in connection with the Discovery Sanctions Motion, with an hourly rate of $600 per hour, for a lodestar of $480. I spent an additional 4.9 hours preparing this Fee Application, with an hourly rate of $600 per hour, for a lodestar of $2,940.

6. The time our firm spent in connection with the Discovery Sanctions Motion was reasonable and necessary to address Defendants' failure to comply with this Court's May 13, 2025 order (ECF 106) to produce the relevant insurance policies referenced in their Initial Rule 26 disclosures, which months later – after the close of discovery – Defendants denied applied to Plaintiff's claims (ECF 109).

7. The time I spent in connection with the Discovery Sanctions Motion includes time researching Rule 26 requirements, and obligations to supplement mistaken or incomplete disclosures and addressing those concerns at the May 13, 2025, conference.

8. Following Defendants' failure to comply with the order issued at the conclusion of that conference (ECF 106), I spent time researching Rule 37.2 conference requests, sanctions applications, drafting the Discovery Sanctions Motion, meeting and conferring with Hospital Defendants' counsel, filing the letter motion, appearing at the related Rule 37.2 conference on May 20, 2025, and discussing the matter with my client.

9. Mr. Wertheimer reviewed and revised the draft letter motion I prepared and discussing the matter with me.

10. The time we spent on the matter was entirely reasonable and appropriate given Defendants' counsel's failure to comply with the Court's May 13, 2025, order despite repeated outreach and efforts by counsel to resolve the matter without motion practice.

11. We have avoided unnecessary, excessive and redundant hours spent in connection with this Discovery Sanctions Motion.

12. Indeed, in preparing this fee application, we realized that we failed to account for the time spent emailing Defendants' counsel, discussing the sanctions issue, and strategizing our response, for which we are not seeking fees.

13. Our hourly rates are reasonable based on our relevant experience and qualifications in this type of civil rights claim.

14. In July 2023 I joined Wertheimer LLC after spending ten years representing parents as a family defense attorney at the Bronx Defenders, including five years as a supervising attorney.

15. The time I spent as a public defender not only provided me with extensive courtroom and civil litigation experience, but gave me the expertise to litigate affirmative civil rights cases on behalf of parents and children whose rights are violated by ACS and the institutions they collaborate with, such as the Hospital Defendants in this case.

16. In the past two years that I have been in private practice, I have represented dozens of clients in every aspect of their federal §1983 cases – drafting complaints, conducting discovery, engaging in motion practice, negotiating settlements, and trying cases.

17. In addition to representing clients in federal and state civil rights matters, which we handle on fee contingency arrangements, I have been retained by numerous clients on hourly bases to advise them on ongoing child welfare investigations and to represent them in administrative OCFS fair hearings.

18. I am a graduate of Harvard Law School and have been admitted to practice in New York since 2014.

19. Joel Wertheimer founded Wertheimer LLC in 2020 after years working in big law, government, and civil rights litigation.

20. He is experienced in civil rights cases, including Fourth Amendment seizure cases.

21. He is a graduate of New York University Law School and has been admitted to practice in New York since 2012. His hourly rate is $600.

22. On June 26, 2025, Mr. Wertheimer and I entered into a partnership agreement and founded a new firm, Wertheimer Fleder LLP.

23. After I became a partner, my hourly rate increased from $400 to $600 per hour.

24. Our relevant experience researching, drafting, and practicing in federal court were valuable in identifying Defendants' failure to comply with Rule 26 obligations, timely raising the matter during the May 13, 2025 court conference, attempting in good faith to address the Court's order from that conference with opposing counsel without motion practice, and then efficiently drafting and filing the sanctions motion on May 16, 2025, when it became clear that the relevant insurance documents would not be produced without further order of the Court.

25. Counsels' hourly rates are fall within the range of attorney rates that are generally accepted as reasonable in this District. *See e.g. Lewis v. American Sugar Refining, Inc.,* 2019 U.S. Dist. LEXIS 18058, FN10, (S.D.N.Y. 2019) ("Courts in this district have approved hourly rates of $250 to $600 for civil rights attorneys with over ten years of experience").

26. Moreover, these rates reflect amounts Plaintiff's counsel routinely charges paying clients.

27. The time spent preparing this fee application is also reasonable and compensable. *See e.g.*, *Rossbach v. Montefiore Medical Center*, 81 F.4th 124, 145 (2d Cir. 2023) (quoting *Restivo v. Hessemann*, 846 F.3d 547, 591 (2d Cir. 2017)) ("'Reasonable attorneys' fees for preparing the fee application are compensable.'"); *Charlestown Cap. Advisors LLC v. Acero Junction, Inc.*, No. 18-cv-4437 (JGK) (BCM), 2021 U.S. Dist. LEXIS 75671, *22, (S.D.N.Y. Apr. 20, 2021) ("Since [the plaintiff] was directed to submit a fee application in order to

document those expenses, it would defeat the purpose of the award to require it to do so at its own expense.")

28. Accordingly, I respectfully request that the Court grant Plaintiff's fee application and order Hospital Defendants and their counsel to pay $5,980.

29. Finally, Plaintiff's counsel requests one correction to this Court's Opinion & Order (ECF 143), in the Procedural History section, page 3, the Order reads "Plaintiffs filed this action against the City of New York (the "City"), ACS, two ACS employees (Pray and Mews), and three employees of St. Barnabas Hospital (Beepot, Bralow, and Goradia) … ."

30. Plaintiff's complaint did not name ACS as a defendant or party to the action (ECF 1), as the Court correctly indicated, ACS would not be a proper defendant. (ECF 143 at FN 1).

31. Wherefore Plaintiff requests the relief herein be granted.

DATED: New York, New York
August 22, 2025

_____
Mara Fleder
Wertheimer Fleder LLP
14 Wall Street, Ste 4C
New York, NY 10005

5