UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER MCINNIS, individually and on behalf of her infant children O.S., C.S. (female), and C.S. (male),<br><br>      Plaintiffs,<br><br> -v-<br><br>CITY OF NEW YORK, et al.,<br><br>      Defendants. | 24-CV-3449 (GHW) (RFT)<br><br>**OPINION & ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  Plaintiffs brought a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, seeking their expenses and fees incurred because of the alleged failure by the Hospital Defendants to timely update their initial disclosures and to comply with a Court order (ECF 106) to produce certain documents (the "Discovery Sanctions Motion"). (*See* ECF 109, Mot.) I granted the Discovery Sanctions Motion in part, ordering that, pursuant to Rule 37(b)(2)(C), the Hospital Defendants are required to pay Plaintiffs' reasonable attorneys' fees and costs in connection with the Discovery Sanctions Motion. (*See* ECF 143, Order.) Pending before me is Plaintiffs' application for attorneys' fees in the amount of $5980.00 for the time spent in connection with the Discovery Sanctions Motion (the "Fee Application"). (*See* ECF 147, Fee App.) I have carefully reviewed the parties' filings in connection with the Fee Application. (*See* ECF 147, Fee App.; ECF 149, Fee Opp.) Based on that review, I approve the award of attorneys' fees of $5,500.00.

**Discussion**

Courts determine reasonable attorneys' fees based on several factors including labor and skill required, the difficulty of the issues, the customary hourly rate of the attorney, the attorneys' experience, reputation, and ability, and awards in similar cases. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008). Additionally, according to the "forum rule," courts typically look to the prevailing rates in the district in which the court sits to determine reasonable rates. *See Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174-175 (2d Cir. 2009). Once the reasonable rate is determined, courts will multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate. *See Arbor Hill*, 522 F.3d at 186.

Besides awarding fees in connection with the Discovery Sanctions Motion, the Court has discretion to award compensation for time spent on the fee application. *See, e.g., Rossbach v. Montefiore Medical Ctr.*, 81 F.4th 124, 145 (2d Cir. 2023) ("Reasonable attorneys' fees for preparing the fee application are compensable."); *Charlestown Cap. Advisors LLC v. Acero Junction, Inc.*, No. 18-CV-4437 (JGK) (BCM), 2021 WL 1549916, *8, (S.D.N.Y. Apr. 20, 2021) ("Since [the plaintiff] was directed to submit a fee application in order to document those expenses, it would defeat the purpose of the award to require it to do so at its own expense.").

Ms. Fleder was a senior associate and later a partner at her firm and has nearly twelve years of experience litigating. (ECF 147, Fee App.) Her hourly rate was $450 for the time billed while she was an associate and $600 for time billed when she was a partner. (*See id.*) These hourly rates fall within the range of rates that are generally accepted as reasonable in this District. *See, e.g. Lewis v. American Sugar Refining, Inc.*, No. 14-CV-2302 (CRK), 2019 WL

116420, at *4 n.10 (S.D.N.Y. Jan. 2 2019) ("Courts in this district have approved hourly rates of $250 to $600 for civil rights attorneys with over ten years of experience."). I am excluding the $480.00 fee for the time billed by Joel Wertheimer, since that time was not reflected in a May 22, 2025 submission to the Court (ECF 118) that included time billed by Ms. Fleder on the same day (May 16, 2025) as the time billed by Mr. Wertheimer. (*See* ECF 149-2, Fee Opp. Billing Records.)

The time spent by Ms. Fleder on the Discovery Sanctions Motion (12.1 hours), including the time she spent meeting with her client (*see id.*), is reasonable: counsel has carefully documented the time spent on the Discovery Sanctions Motion and billed time in tenths of an hour. Having carefully reviewed the time records, I find that Ms. Fleder spent a reasonable amount of time on tasks and appropriately documented the work. *See, e.g., Figueroa v. W.M. Barr & Co., Inc.*, No. 18-CV-11187 (JGK) (KHP), 2020 WL 2319129, at *4 (S.D.N.Y. May 11, 2020). The time spent by Ms. Fleder on the Fee Application (4.9 hours) (*see* ECF 147, Fee App.) is also reasonable; Courts in this District have found far more hours spent on a fee application to be reasonable. *See, e.g., Robinson v. New York City Transit Auth.*, No. 19-CV-1404 (AT) (BCM), 2024 WL 4150818, at *16 (S.D.N.Y. Aug. 16, 2024) (explaining that, "in awarding for so-called 'fees on fees,' '[c]ourts have held that up to thirty hours [may] be reasonably spent in preparing and defending [a] fee application'"), *report and recommendation adopted*, 2024 WL 4150102 (S.D.N.Y. Sept. 11, 2024).

## Conclusion

For the foregoing reasons, the Fee Application (ECF 147) is GRANTED IN PART, in that the award of attorneys' fees of $5,500.00 is approved and is payable to Plaintiffs' counsel,

Wertheimer Fleder LLP, within 30 days of the date of this order. The Clerk of Court is respectfully requested to terminate ECF 147.

Dated: September 11, 2025
      New York, New York

SO ORDERED.

_____
ROBYN F. TARNOFSKY
**United States Magistrate Judge**

4